UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARAZAN ZAYAS O/B/O J.X.A., )<br>)<br>    Plaintiff, )<br>)<br>              v. )<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>)<br>    Defendant. ) | Case No. 15-cv-30225-KAR |

<u>ORDER ON PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT</u>

Plaintiff Charazan Zayas, on behalf of minor J.X.A., has petitioned for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The petition is supported by detailed records of counsel's time spent on behalf of the plaintiff. Counsel took this case on referral after benefits were denied by the Commissioner at the administrative level and achieved an excellent result.

The defendant, acting Commissioner of Social Security Carolyn Colvin, has opposed a small portion of plaintiff's requested fee award on the basis that the petition seeks compensation for clerical or secretarial tasks performed by plaintiff's counsel's paralegals (Dkt. No. 33). After review, the court concludes that the time records attached to the fee petition reflect an efficient and cost effective use of paralegal time to perform tasks that are not "purely secretarial or clerical," *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989), including communicating with the client and referring counsel, reviewing forms filled in by the client for completeness and accuracy, preparing packages for service of the complaint, making various electronic filings, organizing the electronically filed administrative record for counsel's use, and preparing the

EAJA fee submission.  Some of these are tasks that might be completed by a highly skilled legal secretary, but they are not purely clerical and are sufficiently complex that they are more appropriately assigned to a trained paralegal.  Had they not been performed by a paralegal, they might have had to be performed by counsel at a higher hourly rate.  *See Chonko v. Comm'r of Soc. Servs.*, 624 F. Supp. 2d 357, 361 (D.N.J. 2008).  I am satisfied that Plaintiff has met her burden of showing that these tasks are compensable in an EAJA fee award.  *See Hensley v. Eckert*, 461 U.S. 424, 437 (1983).

For the reasons set forth above, and pursuant to the EAJA, the court orders a lump sum payment of fees in the amount of $5,639.17 and expenses in the amount of $19.47, for a total award of $5,658.17 to the plaintiff.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).  The plaintiff has agreed to waive direct payment of EAJA funds and agrees that those fees may be paid directly to her attorney (Dkt. No. 30-6, ¶ 5).  Accordingly, if the plaintiff has no debt registered with the Department of Treasury subject to offset against an EAJA award, the award of fees and expenses should be paid directly to plaintiff's counsel.  The case shall remain closed on the court's docket.  It is so ordered.

Date:   September 19, 2016 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE